IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK W.,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [32] PLAINTIFF'S MOTION FOR ATTORNEY FEES<br><br>Case No. 2:23-cv-00704-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is attorney John J. Borsos's (Plaintiff's Counsel) Motion for Attorney Fees (Motion) (ECF 32) pursuant to 42 U.S.C. § 406(b). Defendant Commissioner of Social Security (Defendant or Commissioner) neither supports nor opposes counsel's request for attorney's fees (ECF 33). For the reasons stated below, the court GRANTS the Motion.

## I. BACKGROUND

Plaintiff Mark W. (Plaintiff) hired Plaintiff's Counsel on a contingency-fee basis to represent him in federal court for claims arising from the Commissioner's decision denying his application for disability insurance benefits (ECF 32 at 1; ECF 32-1). Through written agreement, Plaintiff and Plaintiff's Counsel agreed that the contingency fee award would be twenty-five percent of the past-due benefits awarded based on Plaintiff's claims (*id.*).

On January 25, 2021, Plaintiff filed his first appeal of the Commissioner's decision in this court (*see Watkins v. Kijakazi*, No. 2:21-cv-00052-DBP (D. Utah) (*Watkins I*), ECF 2). On May 2, 2022, the court remanded the case for further administrative proceedings (*Watkins I*, ECF Nos. 30 and 31). Plaintiff's Counsel thereafter requested an award of $7,000 in attorney's fees under the Equal Access to Justice Act (EAJA) (*Watkins I*, ECF 32), which the court granted (ECF 33).

On October 4, 2023, Plaintiff filed his second appeal of the Commissioner's decision (*Watkins v. O'Malley*, No. 2:23-cv-00704-CMR (D. Utah) (*Watkins II*), ECF 2). In an Order dated July 15, 2024, the court reversed the decision of the Commissioner and remanded the case for further administrative proceedings (Order) (*Watkins II*, ECF 28). On October 11, 2024, the court awarded $6,300 in attorney's fees to Plaintiff's Counsel under the EAJA (*Watkins II*, ECF 31).

On April 15, 2025, the Social Security Administration (SSA) awarded Plaintiff $134,718 in past-due benefits (ECF 32-6 at 3). Of the past-due benefits, the SSA withheld $9,200 to pay Plaintiff's Counsel for the agency representation fees under § 406(a)(4) (*see id.*).[1] The SSA also withheld $24,479.50 for court representation fees under § 406(b) (*see id.*).

On June 25, 2025, Plaintiff's Counsel filed this Motion seeking an award of attorneys' fees under 42 U.S.C. § 406(b) (ECF 32). Plaintiff's Counsel requests a fee in the gross amount of $33,679.50 (*id.* at 9). Plaintiff's Counsel further states that although he can charge a fee for agency representation in addition to the twenty-five percent for court representation, he has agreed to limit his total fee to no more than twenty-five percent of the past-due benefits being withheld (*id.*). Plaintiff's Counsel also requests an additional $120 for the user fee of sending a check to an attorney (*see* ECF 32 at 4). Thus, in actuality, the gross fee requested is $24,719.50 (representing the twenty-five percent of past-due benefits ($33,679.50) minus the amount received for agency representation ($9,080) plus $120).

Plaintiff's Counsel further requests that the gross amount be reduced by $13,300 (the previously awarded EAJA fees in *Watkins I* ($7,000) and *Watkins II* ($6,300)), resulting in a net total fee of $11,419.50 (*id.*).

[1] The Motion indicates that the actual amount received for agency representation was $9,080 (ECF 32 at 4).

The Commissioner filed a Response stating it neither supported nor opposed Plaintiff's Counsel's request for attorney fees but requests that the court's order regarding fees "distinguish between the full amount determined as reasonable under section 406(b) and the net amount awarded for payment purposes" (ECF 33 at 3). Plaintiff did not file a reply.

## II. LEGAL STANDARD

### A. Reasonableness of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b)

42 U.S.C. § 406(b)(1)(A) provides that whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may award "a reasonable fee . . . not in excess of 25 percent of the past-due benefits."[2] Although contingent-fee agreements are permissible, courts make an independent determination of whether the fee award sought under § 406(b) is reasonable by examining the reasonableness of the contingency-fee agreement "based on the character of the representation and the results . . . achieved." *Gisbrecht v. Barhart*, 535 U.S. 789, 808 (2002). The attorney seeking fees bears the burden of demonstrating that the requested award is reasonable for the services rendered. *Id.*

In determining the reasonableness of fees under § 406(b) (§ 406(b) Fees), courts consider the character of the representation and the results achieved, whether "the attorney is responsible for delay . . . during the pendency of the case in court" or whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Accordingly, even when the

---

[2] The Supreme Court in *Culbertson v. Berryhill* clarified that the statutes authorize "two pools of withheld benefits": one for *agency* representation fees (§ 406(a)(4)) and another for *court* representation fees (§ 406(b)(1)(a)). 586 U.S. 53, 62 (2019). Here, Plaintiff's Counsel seeks *court* representation fees, as the SSA has already withheld the *agency* representation fees (*see* ECF 32-6 at 3). Although the SSA has already withheld agency representation fees from the past-due benefits, this does not statutorily limit the amount the court can award for court representation. *Culbertson*, 586 U.S. at 62 (finding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation," not to the aggregate fees awarded for agency representation and court representation). In short, Plaintiff's Counsel may still be awarded up to twenty-five percent of the past-due benefits for court representation despite already being awarded agency representation fees.

requested fees fall within the statutory twenty-five percent limit, the court may reduce the award if the circumstances warrant. *Id.*

**B. Offsetting § 406(b) Fees by Previously Awarded EAJA Fees**

An attorney may receive § 406(b) Fees and EAJA fees but must refund the smaller award to the claimant to prevent double recovery. *Gisbrecht*, 535 U.S. at 796. Although the Tenth Circuit has expressed a preference for counsel to refund the smaller award directly to the claimant, it has not categorically prohibited satisfying that obligation by deducting the previously received EAJA fees from the § 406(b) Fees. *Martinez v. Berryhill*, 699 F. App'x 775, 776–77 (10th Cir. 2017) ("Although we disfavor this method of handling 'refunds' of EAJA fees to a claimant, we have not categorically ruled it out as improper.").

However, where counsel requests to offset the amount of § 406(b) Fees by the amount of previously awarded EAJA fees, the court must first determine the reasonableness of the *gross* amount of § 406(b) Fees. *See Lucas v. Dudek*, No. 2:23-cv-00226-DAO, ECF 52, at *9–10 (D. Utah May 8, 2025) ("Next, the court considers the reasonableness of a *gross fee* award of $33,516 based on the *Gisbrecht* factors." (emphasis added)). After determining the reasonableness of the gross amount of § 406(b) Fees, the court may offset the gross amount by the amount of the previously awarded EAJA fees, permitting counsel to retain the previously awarded EAJA fees in partial satisfaction of the § 406(b) Fees. *Id.*

## III. ANALYSIS

**A. Reasonableness of the Gross Amount of § 406(b) Fees**

Plaintiff's Counsel seeks the court's authorization and award of § 406(b) Fees in the gross amount of $24,719.50 (*see* ECF 32). Here, twenty-five percent of the past-due benefits would equal $33,679.50. Plaintiff's Counsel's requested fee award of $24,719.50 for court representation

is significantly less than twenty-five percent of past-due benefits. Pursuant to *Gisbrecht*, the court will examine whether the gross fee request is reasonable.

First, the record shows no indication that Plaintiff's Counsel caused any undue delay in resolving Plaintiff's claims. Plaintiff filed his complaint in *Watkins I* on January 25, 2021, and the Commissioner's decision was reversed and remanded on May 2, 2022. After additional administrative proceedings, Plaintiff filed his complaint in *Watkins II* on October 4, 2023, and the Commissioner's decision was again reversed and remanded on July 15, 2024. On April 15, 2025, the SSA notified Plaintiff that it would pay his past-due benefits, and Plaintiff's Counsel filed the instant Motion on June 25, 2025. Thus, nothing in the record indicates that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits.

Next, the court may reduce the attorney's fees award if it is disproportionate to the time Plaintiff's Counsel spent on the case. Here, Plaintiff's Counsel represented Plaintiff in two separate cases in federal court and successfully obtained a remand in both *Watkins I* and *Watkins II*. Plaintiff's Counsel represents that he spent 112.03 hours pursuing Plaintiff's claims before the court (ECF 32 at 4). The court's authorization of a $24,719.50 award yields an hourly rate of approximately $221. This hourly rate is well within the range which courts have found reasonable. *See Lucas*, ECF 52, at *9–10 (granting a § 406(b) fee request resulting in an hourly rate of $833.94); *Gulbransen v. Colvin*, No. 2:12-cv-00107, 2015 U.S. Dist. LEXIS 55176, at *4 (D. Utah Apr. 27, 2015) (granting a § 406(b) fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable," where there was no other basis to find the fee unreasonable); *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (finding § 406(b) attorney fee award translating to an hourly rate of $510.25 reasonable,

particularly "when that fee is considered in conjunction with a Social Security lawyer's risk of loss").

Accordingly, the court finds that an award of § 406(b) Fees in the gross amount of $24,719.50 is reasonable in this case.

**B. Request for "Netting" of the EAJA Fees**

As previously stated, when an attorney receives fees under both the EAJA and § 406(b), the attorney must refund the smaller of the two fee awards received to the claimant. *See Gisbrecht*, 535 U.S. at 796. Here, counsel has already received a total of $13,300 in EAJA fees (*Watkins I* ($7,000) and *Watkins II* ($6,300)). However, instead of refunding the EAJA fees, Plaintiff's Counsel asks the court to subtract or "net" the EAJA fees, such that the § 406(b) amount awarded would be $11,419.50, representing the difference between the full § 406(b) amount requested ($24,719.50) and the amount of EAJA fees already received ($13,300). The court finds this approach appropriate in this case and therefore grants the request.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the court finds the requested fee amount to be reasonable and finds that Plaintiff's Counsel is awarded § 406(b) Fees in the gross amount of $24,719.50. Plaintiff's Counsel may retain the $13,300 in fees previously awarded under the EAJA in partial satisfaction of the § 406(b) award. This leaves a net amount of $11,419.50 due to Plaintiff's Counsel. No separate refund of EAJA fees is required.

Therefore, it is HEREBY ORDERED that Plaintiff's Motion is GRANTED and a net amount of $11,419.50 is due to Plaintiff's Counsel.

IT IS SO ORDERED.

DATED this 16 November 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah